Jonathan W. Emord, Esq. (SBN 41177)
jemord@emord.com
EMORD & ASSOCIATES, P.C.
11808 Wolf Run Lane
Clifton, VA 20124
Phone: (202) 466-6937
Fax: (202) 466-6938
*Attorney for Defendants*
*Lord Abbey, LLC, Wyatt Grantham*
*and Catherine Lily Grantham*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Affordable Marketing Lists, LLC, *et al*,<br><br>               Plaintiffs,<br><br>V.<br><br>Lord Abbey LLC, *et al.*,<br><br>             Defendants. | Case No. _____<br><br>**DEFENDANTS LORD ABBEY LLC, WYATT GRANTHAM, AND CATHERINE LILY GRANTHAM'S NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF VIRGINIA:

      PLEASE TAKE NOTICE that Defendants Lord Abbey LLC; Wyatt Grantham; and

Catherine Lily Grantham (collectively, "Lord Abbey"), by counsel, hereby remove the above-

titled action, commenced in the Circuit Court of Alexandria, Virginia to the United States

District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. §§ 1331, 1332, 1441,

and 1446.  Through this notice of removal, Lord Abbey does not waive the right to contest

personal jurisdiction in the Virginia courts generally.  *See Guthrie v. Flanagan,* No. CIV. A.

3:07CV479, 2007 WL 4224722, at *3 (E.D. Va. Nov. 27, 2007).  The following statements and allegations concern the Court's removal jurisdiction.

## FACTS AND BACKGROUND

1.     On or about June 2, 2020, Affordable Marketing Lists, LLC; Some Corporation; and Joshua Stacy (collectively, "Plaintiffs") filed a lawsuit in the Circuit Court for Alexandria, Virginia against Defendants Lord Abbey LLC; Wyatt Grantham; Catherine Lily Grantham, Wells Fargo Bank, National Association; and Stripe Inc. (collectively, "Defendants"), alleging a variety of torts, and breach of several Virginia State and federal statutes (the "Complaint"). Attached hereto as Exhibit A is the Complaint.  Attached hereto as Exhibit B is the Circuit Court docket and copies of all pleadings and documents filed in the state court.  *See* 28 U.S.C. § 1446(a).

2.     Plaintiffs served Lord Abbey with the Complaint in this matter on June 2, 2020. *See* Declaration of Wyatt Grantham, Owner of Lord Abbey, ¶5 (Exh. C attached hereto).

3.     On March 18, 2020, Defendant Lord Abbey initially filed suit in the Fourth Judicial District Court for the State of Utah, Utah County, Provo Division against Joshua Stacy and Affordable Marketing Lists, LLC for intentional interference with economic relations, breach of contract, conversion, defamation, related torts, and declaratory judgment.  *See* Exh. D (the "Utah Action").

4.     On May 14, 2020, Joshua Stacy and Affordable Marketing Lists, LLC answered the Amended Complaint in Utah.  *See* Exh. E.  Discovery is open in the Utah action.  Utah-defendant Joshua Stacy has propounded discovery in Utah.

5.     Defendant Lord Abbey is a Utah limited liability company, which maintains a physical presence in Utah County, Utah.  *See* Exh. C at ¶3; Exh. D at ¶1.

6.      Defendants Wyatt and Catherine Grantham reside in Utah.  *See* Exh. C at ¶¶3–4.

7.      Defendant Wells Fargo, National Association maintains a principal place of business in California.  *See* Exh. A at ¶7.  Plaintiffs admit that Wells Fargo is a "nominal defendant."  *See id.*

8.      Defendant Stripe Inc. is a corporation, incorporated under the laws of Delaware, with a principal place of business in California.  *See* Exh. A at ¶8.  Plaintiff admits that Stripe Inc. is a "nominal defendant."  *See id.*

9.      Plaintiff Joshua Stacy resides in California.  *See* Exh. A at ¶5.

10.     Plaintiff Affordable Marketing Lists, LLC is a Virginia corporation, and, upon information and belief, maintains a principal place of business in Virginia.  *See* Exh. A at ¶1.

11.     Plaintiff Some Corporation is a Virginia corporation, and, upon information and belief, maintains a principal place of business in Virginia.  *See* Exh. A at ¶2.

12.     No proceedings have occurred in the Virginia Circuit Court.  *See* Exh. B.  Lord Abbey has not answered or otherwise responded to the Complaint.  *See id.*  Defendant Lord Abbey has not made an appearance before the Virginia court.  Upon removal, Lord Abbey intends to file a Motion to Dismiss claims alleged against Lord Abbey.

13.     None of the other defendants have answered or responded to the Complaint.

14.     Discovery is open in Utah.  Lord Abbey and Utah-Defendant Joshua Stacy have propounded discovery requests.

15.     The parties have not held or appeared for any scheduling conferences.  *See* Exh. B.  The Court has not issued a scheduling order.

16.     Lord Abbey timely files this notice of removal under 28 U.S.C. § 1446(b), which provides a period of thirty days (30) days to file the notice of removal following service.  *See* 28

U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal").   Under Section 1446(b)(2)(B), this Notice of Removal is timely filed on or before July 2, 2020.

17.     Defendants Lord Abbey, Wyatt Grantham, and Catherine Grantham consent to this removal.[1]   *See* 28 U.S.C. § 1446(b)(2)(A).   Thus, all non-nominal defendants consent to removal.

## GROUNDS FOR REMOVAL

18.     Removal is proper because this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331, which vests federal district courts with jurisdiction over all civil actions which arise under the Constitution, or federal law.   *See* 28 U.S.C. § 1331.   In the alternative (or in addition), this Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332, which vests federal district courts with jurisdiction over civil actions with an amount in controversy greater than $75,000 where the parties have diversity of citizenship.   *See* 28 U.S.C. § 1332.   All grounds for removal are satisfied.

### Federal Question Jurisdiction

19.     Section 1331 provides for what is "commonly known as federal question jurisdiction," which arises whenever "federal law creates the cause of action."   *See Columbia*

---

[1] As Plaintiffs admit, defendants Wells Fargo and Stripe Inc. are "nominal defendants." *See* Exh. A at ¶¶7–8.  "Nominal defendants" are a well-acknowledged exception to the general rule that all defendants in the state court action must consent to removal under 28 U.S.C. §§ 1441(a) and (b).  *See, e.g.*, *Wells Fargo Bank, Nat. Ass'n v. Charlotte Overlook Apartments, LLC*, No. 3:10CV411, 2011 WL 2224470, at *2 (W.D.N.C. Apr. 21, 2011), *report and recommendation adopted sub nom. Wells Fargo Bank, Nat. Ass'n ex rel. N. Star Rel CDO IV v. Charlotte Overlook Apartments LLC*, No. 3:10CV411, 2011 WL 2293332 (W.D.N.C. June 7, 2011); *Fenton v. Food Lion, Inc.*, No. CIV.A.3:02CV00017, 2002 WL 1969662, at *3 (W.D. Va. Aug. 23, 2002).  Therefore, Defendants Wells Fargo and Stripe Inc. are not required to consent to removal.

*Gas Transmission Corp. v. Drain*, 237 F.3d 366, 369-70 (4th Cir. 2001) (citation omitted); *see also* 28 U.S.C. § 1331. Whether "federal question jurisdiction" exists depends on a facial evaluation of the "plaintiff's properly pleaded complaint. *See Columbia Gas Transmission Corp.*, 237 F.3d at 370.

20.     Here, the Complaint includes several federal causes of action. *See* Exh. A at ¶¶204–18, 253–74, 287–306. These claims furnish this Court with jurisdiction over the instant dispute. The plaintiff alleges claims for a violation of the Computer Fraud and Abuse Act, copyright infringement, a violation of the Lanham Act, and cyberpiracy. Under federal statutory law, the federal courts have *exclusive* jurisdiction over those claims. *See, e.g.*, 28 U.S.C. § 1338(a). Accordingly, Plaintiff's allegations must be heard in federal court, because those claims cannot be resolved by the state courts. *See id.*

21.     Section 1367 permits federal district courts to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." *See* 28 U.S.C. § 1367(a); *see also Asbury v. Am.'s Servicing Co.*, No. 2:11CV99, 2011 WL 3555846, at *2 (E.D. Va. July 13, 2011). Where "[t]he state and federal claims… derive from a common nucleus of operative fact," the court may constitutionally exercise supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

22.     Plaintiffs' claims all derive from a common nucleus of operative fact. Plaintiffs' allegations all form a single chain of events which precipitated this action. Thus, the Court should exercise supplemental jurisdiction over the remaining claims.

**Diversity Jurisdiction**

23.     Diversity jurisdiction requires an amount in controversy greater than $75,000.

*See* 28 U.S.C. § 1332(a).  The amount in controversy here is greater than $75,000.  The

Complaint alleges not less than $15,350,000 in compensatory damages, seeks treble damages,

attorney fees, costs, and injunctive relief.  *See* Exh. A at 64–65.  "It is well established that the

sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith

or the legal impossibility of recovering such an amount."  *Dow v. Jones*, 232 F. Supp. 2d 491,

497–98 (D. Md. 2002) (citation omitted).  Thus, the Complaint facially establishes an amount in

controversy greater than the jurisdictional minimum.

24.     Diversity jurisdiction requires complete diversity of citizenship between the

parties.  *See* 28 U.S.C. § 1332(a).  Here, Plaintiffs and Defendants are completely diverse.

25.     An "individual's domicile … is the state the individual considers her permanent

home…  In the State of Virginia, domicile is residence or physical presence accompanied by an

intention to remain for an unlimited time."  *Gambelli v. United States*, 904 F. Supp. 494, 496

(E.D. Va. 1995), *aff'd,* 87 F.3d 1308 (4th Cir. 1996).   The Complaint facially supports complete

diversity for all of the individually-named parties.  Plaintiff alleges that he is domiciled in

California.  *See* Exh. A at ¶3.  Plaintiff alleges that the Granthams are domiciled in Utah.  *See*

Exh. A at ¶¶5–6.

26.     "For the purposes of determining a party's citizenship … a corporation is deemed

a citizen of any state in which it is incorporated or has a principal place of business."  *James G.*

*Davis Const. Corp. v. Erie Ins. Exch.*, 953 F. Supp. 2d 607, 610 (D. Md. 2013) (citation and

quotation omitted); *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101,

102 (4th Cir. 2011).  "[A] limited liability company's citizenship is that of its members."  *Meyn*

*Am., LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 732 (M.D.N.C. 2012) (citation and quotation omitted); *Draper v. GB LL Holdings, LLC*, No. 3:19-CV-00069, 2019 WL 6107864, at *2 (W.D. Va. Nov. 15, 2019).  Nominal parties are not considered when evaluating diversity. *See Nat'l Ass'n of State Farm Agents, Inc. v. State Farm Mut. Auto. Ins. Co.*, 201 F. Supp. 2d 525, 529 (D. Md. 2002).   Upon information and belief, Plaintiff Affordable Marketing Lists is a limited liability company whose sole member is Plaintiff Stacy, a California citizen.  *See* Exh. A at ¶1.  Thus, Plaintiff Affordable Marketing List is a California citizen.  Plaintiff Some Corporation (a nominal party) was incorporated in Virginia, and upon information and belief maintains a principal place of business in Virginia or California.  *See* Exh. A at ¶2.  Defendant Lord Abbey is a limited liability company whose sole member (Wyatt Grantham) is a Utah citizens.  *See* Exh. A at ¶¶5–6.  Thus, Defendant Lord Abbey is a Utah citizen.

27.     Therefore, there is complete diversity between a California domiciliary (Plaintiff Stacy), a California limited liability company (Plaintiff Affordable Marketing Lists), and a Virginia and California company (Plaintiff Some Corporation), and all defendants who are Utah domiciliaries (Defendants Wyatt and Catherine Grantham) and a Utah limited liability company (Defendant Lord Abbey).

## **VENUE**

28.     Removal under 28 U.S.C. § 1441(a) is proper here because this judicial district embraces the place where the action was originally pending, and the case was commenced in Alexandria City.

29.     Lord Abbey hereby reserves the right to amend this Notice of Removal.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see Muhlenbeck v. KI, LLC,* 304 F. Supp. 2d 797, 800–02 (E.D. Va. 2004).

30.     Lord Abbey will provide written notice of this Notice of Removal to Plaintiffs, and a copy of this Notice will be filed with the Clerk of the state court in which the action has been pending pursuant to 28 U.S.C. § 1446(d).

31.     Lord Abbey is represented by undersigned counsel who certifies, under Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.  *See* 28 U.S.C. § 1446(a).

32.     In compliance with Federal Rule of Civil Procedure 81(c), Lord Abbey hereby preserves its right to trial by jury.  *See* Fed. R. Civ. P. 81(c).

WHEREFORE, Defendant Lord Abbey, Wyatt Grantham, and Catherine Grantham hereby remove this action, now pending in the Circuit Court for Alexandria City, Virginia to the United States District Court for the Eastern District of Virginia.  By filing this Notice, Defendants do not waive any objections they may have to jurisdiction, service, venue, or any other defenses or objections.

DATED:  June 22, 2020                                           EMORD & ASSOCIATES, P.C.

                                                                          /s/ Jonathan W. Emord
                                                                          11808 Wolf Run Lane
                                                                          Clifton, VA 20124
                                                                          *Attorney for Defendants Lord Abbey, Wyatt Grantham, and Catherine Grantham*

Defendants Lord Abbey, Wyatt Grantham, and Catherine Grantham's Notice of Removal

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020 the foregoing, **DEFENDANTS LORD ABBEY LLC, WYATT GRANTHAM, AND CATHERINE LILY GRANTHAM'S NOTICE OF REMOVAL and supporting documents** was electronically filed using the Court's electronic filing system and that system sent notice of the following:

> Faisal Moghul
> moghul@moghullaw.com
> Fox & Moghul
> 3871 Plaza Drive
> Fairfax, VA 22030
> *Attorney for Plaintiffs*

I hereby certify that on June 22, 2020, the foregoing **DEFENDANTS LORD ABBEY LLC, WYATT GRANTHAM, AND CATHERINE LILY GRANTHAM'S NOTICE OF REMOVAL and supporting documents** was sent via first-class mail, postage prepaid to the following parties:

> Wells Fargo Bank, N.A.
> SERVE: Corporation Service Company
> 100 Shockoe Slip F 2,
> Richmond, VA 23219-4100
> *Defendant*
>
> Stripe Inc.
> SERVE: CT Corporation System
> 4701 Cox Rd. Ste. 285
> Glen Allen, VA 23060-6808
> *Defendant*

 /s/ *Jonathan W. Emord*
Jonathan W. Emord, Esq.